IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| D.M. (Mother) and D.M. (Father), | : | |
| Individually and on behalf of J.M. and D.P. | : | CIVIL ACTION |
| Plaintiffs, | : | NO. 12-6762 |
| | : | |
| v. | : | |
| | : | |
| County Of Berks, Brandon Clinton, | : | |
| Timothy Simiski, Katy High, James Trupp, | : | |
| Lisa Eshbach, Jennifer Grimes, Wendy Seidel, | : | JURY TRIAL DEMANDED |
| George Kovarie and Brandy Neider, Barbara | : | |
| Jakubek and Jennifer McCollum | : | |
| Defendants. | : | |

**STATEMENT OF UNDSIPUTED FACTS IN SUPPORT OF DEFENDANTS THE COUNTY OF BERKS, BRANDON CLINTON, TIMOTHY SIMINSKI, KATY HIGH, JAMES TRUPP, LISA ESHBACH, JENNIFER GRIMES, WENDY SEIDEL, GEORGE KOVARIE, BRANDY NEIDER, BARBARA JAKUBEK AND JENNIFER MCCOLLUM'S MOTION FOR SUMMARY JUDGMENT**

Defendants, the County of Berks, Brandon Clinton, Timothy Siminski, Katy High, James Trupp, Lisa Eshbach, Jennifer Grimes, Wendy Seidel, George Kovarie, Brandy Neider, Barbara Jakubek and Jennifer McCollum, by and through their attorney, The MacMain Law Group LLC, hereby submit this Statement of Undisputed Facts in support of their Motion for Summary Judgment.

1. Plaintiffs' Complaint asserts various federal claims alleging that Defendants violated their Constitutional rights as a result of an investigation conducted in accordance with the Child Protective Services of Law (CPSL).

2. Specifically, Plaintiffs assert a Procedural Due Process claim under the 14th Amendment, a Substantive Due Process claim under the 14th amendment, a 4th Amendment claim and a 1st Amendment claim. See, Plaintiff's Amended Complaint attached hereto as Exhibit "A".

1

3. Berks County Children Youth Services (BCCYS) is a county agency established under the Child Protective Services Law to provide protective services for the purpose of investigating reports of abuse swiftly and competently, providing protection for children from further abuse and providing rehabilitative services for children and parents.

4. Pursuant to the Child Protective Services Law, BCCYS is required make available a program of general protective services and they are mandated to ensure the safety of the children.

5. On July 20, 2012, Berks County Children Youth Services (BCCYS), received an anonymous report regarding allegations of sexual abuse against the Plaintiff D.M. father by his three grown children.

6. D.M., Daughter 1, is Plaintiff D.M. father's adult biological daughter referenced in the BCCYS case notes as Child #1.[1]

7. D.M., Son, is Plaintiff, D.M. father's adult biological son referenced in the BCCYS case notes as Child #2.

8. D.W., Daughter 2, is Plaintiffs' adult biological daughter referenced in the BCCYS case notes as Child #3.

9. D.W., Daughter 2 was not the source of the anonymous report. [2]

---

[1] Initials of the adult children of Plaintiffs are being used as to maintain their confidentiality as per the Child Protective Services Law.

[2] It has consistently been Plaintiffs' position that D.W., who they are involved in a bitter custody dispute with, was the source of the report of abuse. Pursuant to Pursuant to 23 Pa.C.S. 6340(c), the referent information is confidential, therefore Defendants would not produce the identity of the referent. Plaintiffs filed a Motion to Compel same and the Court held an in camera review of the unredacted records. The Court determined that the documents regarding D.W. had to be produced, which indicated that she was not the anonymous source.

10. D.M., Daughter 1 and D.W., Daughter 2, reported both sexual and physical abuse by Plaintiff, D.M. father, as children.  See, BCCYS case file Bates-stamped BCCYS 000342 attached hereto as Exhibit "B".

11. Following the report pursuant to the Child Protective Service Law, an investigation was opened.

12. Pursuant to 23 Pa.C.S.A. §6375, within 60 days of receipt of a report, an assessment shall be completed and a decision on whether to accept the family for service shall be made. The county agency shall provide or arrange for services necessary to protect the child during the assessment period.  23 Pa.C.S.A. §6375(c)(1).

13. On July 23, 2012, Brandon Clinton, intake caseworker for BCCYS met with D.M., Daughter 1, regarding the anonymous report and the allegations contained therein and conducted an interview with her.  See, the BCCYS case file Bates-stamped BCCYS 000348 attached hereto as Exhibit "C".

14. On July 23, 2013, Brandon Clinton also met with D.W., Daughter 2 and interviewed her regarding the anonymous report and allegations.  See, the BCCYS case file Bates-stamped BCCYS 000346 attached hereto as Exhibit "D".

15. BCCYS believed that both daughters provided consistent and credible information regarding the allegations of abuse by Plaintiff, D.M. father.  See, the deposition transcript of Jennifer Grimes at page 70 attached hereto as Exhibit "E";

16. Based on the anonymous report and the subsequent investigation, including the interviews with two of the victims, Brandon Clinton went to the Plaintiffs' home on July 23, 2012 at approximately 4:30 p.m. to assess the safety of the two minor

children in the home, Plaintiffs, J.M. and D.P.  See, the BCCYS case file Bates-stamped BCCYS 350-351 and attached hereto as Exhibit "F".

17. When a case worker presents to the home to investigate a report of abuse, the District Attorney's Office, local police agencies and CYS work together and a police officer will respond with a caseworker.  See, the deposition transcript of Timothy Siminski at pages 90 and 174 attached hereto as Exhibit "G".  See, the deposition transcript of Brandy Neider at page 107 attached hereto as Exhibit "H".

18. Therefore, Timothy Siminski advised Brandon Clinton to contact the local Police Department and requested an officer accompany him.  See, Exhibit "G at page 90".

19. Brandon Clinton and Cumru Township Police Officer James Griffith presented to the Plaintiffs home.

20. Upon arrival at Plaintiffs' home, Brandon Clinton did make contact with Plaintiff, D.M. father and advised him of the report made against him and that he was there to assess the safety of the two minor children in the home.  See, Exhibit "F".

21. Brandon spoke with Plaintiff D.M. father in person.  He spoke Plaintiff D.M. mother and the Plaintiffs' attorney on the phone.  During this time, Brandon Clinton, Plaintiff D.M. father and the police officer were outside of the Plaintiffs' home.  See, the deposition testimony of Brandon Clinton at pages 118-121 attached hereto as Exhibit "I"; See, the deposition testimony of Plaintiff, D.M. father at page 171 attached hereto as Exhibit "J".

22. Plaintiff, D.M. father thereafter did invite Brandon Clinton and the officer inside his home.  See, Exhibit "I" at page 130; See, Exhibit "J" at page 171.

23. Minor child, J.M. went to stay with his sister during the course of the investigation. See, Exhibit "F".

24. Minor child, D.P., went to stay with his caretaker Paula Houck during the course of the investigation.  See, Exhibit "F"

25. Neither child was placed into protective custody as per 23 Pa.C.S.A. §6374(i) of the Child Protective Services Law.

26. On July 25, 2012, Brandon Clinton met with and conducted an interview with D.M. Son, regarding the allegations made against Plaintiff, D.M. father.   See, the BCCYS case files Bates-stamped BCCYS 355 and attached hereto as Exhibit "K".

27. D.M. Son's statements were consistent with the abuse reported by D.M., Daughter 1 and D.W. Daughter 2.  See, Exhibits "C", "D" and "K".

28. On July 25, 2012, counsel for Plaintiffs, Jackie Mark, Esquire by email advised Jennifer Grimes, Assistant Solicitor for BCCYS that she would like to discuss the matter and that Plaintiff, D.M. father would be willing to leave the home so the children can return.  See, the email from Jackie Mark, Esquire to Jennifer Grimes, Esquire Bates-stamped BCCYS 1251 and attached hereto as Exhibit "L".

29. On July 26, 2012, Kristopher Morganti, son of Plaintiffs left Brandon Clinton a voicemail message, which was transcribed as follows;

    Hi Brandon ahm this Kris Morganti.  I'm D.M. father and D.M. mother's son.  Ahm I was recalling ahm in regards to ahm I guess there's been a charge pressed against my dad.  I'm saying that he ahm abuse all of all of us kids when we were younger.  Ahm just give me a call back ahm if you want to discuss ahm any of any of that ahm I can tell you more, I can give you more information.  Ahm my number is 610-743-0212.  Bye-bye.

    See, the transcript of Kristopher Morganti's phone call Bates-labeled BCCYS 358 attached hereto as Exhibit "M".

5

30. A meeting was scheduled with the Plaintiffs, their attorney Ms. Mark, Jennifer Grimes, Lisa Eschbach and Brandon Clinton on July 27, 2012 to discuss a safety plan and offender evaluation for Plaintiff, D.M. father. See, BCCYS case notes Bates-labeled BCCYS 368 and attached hereto as Exhibit "N".

31. The Plaintiffs refused to sign a safety plan and Plaintiff, D.M. father advised he would not be leaving the family home. See, Exhibit "N"; See, Exhibit "E" at page 80.

32. A copy of the safety plan was given to Plaintiffs' attorney, Ms. Mark and it was expressed that BCCYS requested that Plaintiff, D.M. father participate in an offender evaluation. See, Exhibit "E" at page 80.

33. As a result of the Plaintiffs' lack of cooperation with the investigation, a Petition Review meeting was held on August 9, 2012. See, BCCYS case notes Bates-labeled BCCYS 401 and attached hereto as Exhibit "O".

34. A Petition Review Meeting is a process by which a caseworker will request a meeting with two Directors and a Solicitor and request that a Dependency Petition, Petition to Compel or an Emergency Motion be filed. The caseworker will present circumstances and facts and everyone in the meeting will come to an agreement on what Court proceeding(s) is appropriate. See Exhibit "E" at page 82.

35.  At the Petition Review Meeting, also attended by individuals from the Office of Child Youth and Families, Department of Public Welfare, Brandon Clinton was requesting a Petition to Compel Plaintiff's cooperation with BCCYS. See, Exhibit "O".

36. Plaintiffs, no longer represented by Jackie Mark, Esquire requested, through their new attorney, Michael Salek, Esquire that Lynne Williams, PhD. be approved as the

individual who would conduct the offender evaluation.  See, the August 14, 2012 email from Michael Salek, Esquire to Jennifer Grimes, Esquire Bates-labeled BCCYS 1167-1168 and attached hereto as Exhibit "P".

37. He additionally asked to discuss supervised visitation between Plaintiff D.M. father and the children.  See, Exhibit "P".

38.  Ms. Grimes, in response, requested additional information about Dr. Williams and also reiterated that BCCYS is requesting that no visits between Plaintiff D.M. father and the children occur pending the offender evaluation.  See, Exhibit "P".

39. By August 16, 2012, the Plaintiffs were no longer represented by counsel.  See, the August 16, 2013 email from Jennifer Grimes to Plaintiffs Bates-labeled BCCYS 1178-1179 and attached hereto as Exhibit "Q".

40.  Jennifer Grimes advised Plaintiffs that Dr. Williams does not meet the requirements to provide an offender evaluation and provided the name of 5 other psychologists who are approved by BCCYS to conduct same.   See, Exhibit "Q".

41. Despite the fact that Dr. Williams was not an approved psychologist, Plaintiff, D.M. father went forward with psychological evaluations by Dr. Williams on August 13, 2012, August 20, 2012 and August 27, 2012.  See, Bates-labelled D.M. 0741-0750 attached hereto as Exhibit "R".

42.   On August 16, 2012, a Petition to Compel was filed on behalf of BCCYS.  See, the Petition to Compel Bates-stamped BCCYS 1333-001334 and attached hereto as Exhibit "S".

7

43. A Petition or Motion to Compel is a filing with the Court to seek cooperation with BCCYS requests during an investigation. See, the deposition transcript of Brandy Neider at pages 93-94 attached hereto as Exhibit "H".

44. A hearing was scheduled on the Petition to Compel for September 12, 2012.

45. On the evening of September 2, 2012, on call emergency duty caseworker, Katie High received an anonymous phone call that J.M. was brought home when Plaintiff, D.M. father was present in the home. See, the BCCYS case file Bates-stamped BCCYS 409-410 and attached hereto as Exhibit "T".

46. An on call emergency duty caseworker is a caseworker that handles phone calls regarding current families or new referrals that come in after hours, from 5 p.m. to 8 a.m. See, the deposition transcript of Kathleen High at pages 10-11 attached hereto as Exhibit "U".

47. On call caseworkers can access some information about a family but does not have access to the family's case file. See, Exhibit "U" at pages 32-38.

48. Katie High contacted Brandon Clinton to gain an understanding of the case and was advised by Brandon Clinton that BCCYS was recommending no contact between Plaintiff D.M. father and the children. See, Exhibit "U" at page 19.

49. Ms. High then contacted the Plaintiffs and advised them that J.M. would need to go back to Tammy's house. She also advised Plaintiff D.M. mother to raise any issues she has with regard to BCCYS's requests during the court hearing on the Petition to Compel scheduled for September 12, 2012. See, Exhibit "U" at page 22-23.

50. On September 12, 2012, BCCYS presented their Petition to Compel before Judge Keller in Berks County Court of Common Pleas. Judge Keller held that BCCYS was

entitled to unannounced home visits and that Plaintiffs must allow access to J.M. to ensure his safety for a period of six months. An offender evaluation was not ordered and the children were returned to the Plaintiffs' home. <u>See</u>, the September 12, 2012 Court Order Bates-labeled BCCYS 001361 and 001363 and attached hereto as Exhibit "V".

51. This Order only applied to Plaintiff, J.M., as Plaintiff, D.P. was not named as a party to the Petition to Compel. <u>See</u>, Exhibit "V".

52. Generally, when Motions to Compel are filed with families, only one child is listed on the Petition in order to open the file and obtain the Court's decision on whether compliance is required. <u>See</u>, Exhibit "H" at pages 125-126.

53. On November 16, 2012, BCCYS filed a second Petition to Compel regarding their need to assess the safety of not only J.M., but also D.P.

54. Following argument on the Petition to Compel on January 9, 2013, the Court ordered that both Plaintiffs undergo offender evaluations, that BCCYS is entitled unannounced home visits and that Plaintiffs must allow access to D.P. to ensure his safety. [3]

55. BCCYS continued to follow up with the Plaintiffs for unannounced home visits without incident until October of 2013.

---

[3] This Order compelling Plaintiffs to undergo offender evaluations has since been vacated by the Superior Court.

56. Plaintiffs no longer receive services from BCCYS with regard to J.M. and D.M.

                                        Respectfully Submitted,

                                        THE MACMAIN LAW GROUP, LLC

Dated: March 10, 2014             By: Matthew Connell /s/
                                        Matthew J. Connell (PA No. 80246)
                                        Tricia M. Ambrose (PA No. 200411)
                                        The MacMain Law Group, LLC
                                        101 Lindenwood Drive
                                        Suite 160
                                        Malvern, PA 19355
                                        Attorneys for Defendants, County of Berks, Brandon Clinton, Timothy Siminski, Katy High, James Trupp, Lisa Eshbach, Jennifer Grimes, Wendy Seidel, George Kovarie, Brandy Neider, Barbara Jakubek and Jennifer McCollum